# Potter Declaration
# Exhibit 2

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GILEAD SCIENCES, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PAIN RELIEF RX, INC., et al.,<br><br>Defendants. | Case No. 26-cv-2172 (CBA) (CHK)<br><br>**FILED EX PARTE AND UNDER SEAL PURSUANT TO 15 U.S.C. § 1116(d)** |

## ASSET FREEZE ORDER

PLEASE TAKE NOTICE that upon the Complaint of Plaintiffs Gilead Sciences, Inc. and Gilead Sciences Ireland UC (together, "Gilead" or "Plaintiffs") the memorandum of law submitted in support of this Order, and the accompanying declarations and the exhibits annexed thereto, pursuant to the Court's authority under the Lanham Act, it is hereby ORDERED:

1. Plaintiffs' motion for an asset freeze against Defendants Pain Relief Rx, Inc., Khaim Mullokandov, Ella Mullokandova, Linden Blvd. Rx. Inc., Jonathan Abramov, Lumix Pharmacy Inc., Ariel Levy, Richard Galanti, Alex Levy, Daniel Levy, Susana Levy, David Levy, Benjamin Levy, Marina Davidov, Zoya Meirov, Gerda Shimunova, Galaxy Pharmacy Inc., ClearRx Pharmacy Inc., Ez Max Pharmacy Inc., MDRx Pharmacy Inc., SkyRx Pharmacy Inc., Spectra Pharmacy Inc., Trinity Global Pharmacy LLC, d/b/a Michael's Pharmacy, Michael Kaldas, Selvia Girgis and and Sildevie Tchiekoua Nguetcho (collectively, "Defendants") is GRANTED.

2. All assets held by, for, or on account of any of the Defendants shall be frozen and restrained, and all persons and entities holding such assets, including all persons and entities in active concert and participation with any of the Defendants, whether acting directly or through

any entity, corporation, subsidiary, division, affiliate or other device, shall be restrained from spending, secreting, transferring, or conveying any assets held by, for, or on account of any of the Defendants.

3. The assets affected by this Order shall include both existing assets and assets acquired after the effective date of this Order.

4. The **Defendants**, including any person in active concert and participation with any of them, whether acting directly or through any entity, corporation, subsidiary, division, affiliate or other device, shall be restrained from:

a. secreting, transferring, conveying, converting, mortgaging, encumbering, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, perfecting a security interest in, or otherwise disposing of any funds, the real property listed in paragraph 4(a)(4) of this Order, personal property acquired after June 2022, cryptocurrency, accounts, contracts, or other assets, wherever located, including outside the United States. This includes, but is in no way limited to such assets that are:

1) owned or controlled by, or in the actual or constructive possession of any Defendant:

2) owned or controlled by, or held for the benefit of, directly or indirectly, any Defendant, in whole or in part;

3) owned or controlled by, or in the actual or constructive possession of or otherwise held for the benefit of, any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant, including, but not limited to, any assets held by, for, or subject to access by, any of the Defendants at

any bank or savings and loan institution, or with any broker-dealer, escrow agent, title company, or other financial institution or depository of any kind;

4) the following real property:

a) 73-06 178th Street, Fresh Meadows, NY 11366 (purchased by Eleonora Mullokandova in June 2018 and substantially renovated from 2022 to 2025);

b) 3370 N.E. 190th Street, Apt. 2415, Aventura, FL 33180 (purchased on January 15, 2026 by 3370 Hidden Bay Dr 2415 LLC, whose members are Eleanora Mullokandova and Vladislav Plishtiyev);

c) 121 NE 2 Avenue, Dania Beach, FL 33004 (purchased by Daniel Levy on July 20, 2022);

d) 5010 Fillmore Street, Hollywood, FL 33021 (purchased by Gerda Shimunova on October 31, 2022);

e) 956 Harrison Street, Hollywood, FL 33019 (purchased by Daniel Levy on November 25, 2022);

f) 67-06 179th Street. Fresh Meadows, NY 11365 (purchased by Yong Shen LLC, whose sole member is Gerda Shimunova, on September 1, 2023);

g) 3433 SW 53 Court, Fort Lauderdale, FL 33312 (purchased by Gerda Shimunova on December 26, 2023);

h) 144-24 72nd Road, Flushing, NY 11367 (purchased by Daniel Levy on July 11, 2024);

i) 85-48 66th Avenue, Flushing, NY 11374 (purchased by Daniel Levy on September 5, 2024);

j) 137-60 75th Road, Flushing, NY 11367 (purchased by Benjamin Levy and Gerda Shimunova on November 1, 2024);

k) 1207 Hollywood Boulevard, Hollywood, FL 33019 (purchased by David Levy on November 5, 2024);

l) 75-24 179th Street, Flushing, NY 11366 (purchased by Susana Levy on January 17, 2025);

m) 1006 Hollywood Boulevard, Hollywood, FL 33019 (purchased by David Levy on April 24, 2025);

n) 137-59 70th Road Flushing, NY 11367 (purchased by Marina Davidov on July 11, 2025);

o) 76-36 173rd Street, Fresh Meadows, NY 11366 (purchased by Zoya Meirov on July 14, 2025);

p) 164-09 Goethals Avenue, Jamaica, NY 11432 (purchased by Gerda Shimunova on October 30, 2025);

q) 101 Baker Street, Maplewood, NJ 07040 (purchased on May 7, 2025 by Better Houses Group LLC, whose members are Mina Girgis and Selvia Girgis);

r) 61 Littleton Road, Morris Plains, NJ 07950 (purchased on May 13, 2025 by Better Houses Group LLC, whose members are Mina Girgis and Selvia Girgis);

s) 43 Canterbury Lane, Hackettstown, NJ 07840 (purchased on February 5, 2024 by Eric Nguetcho Sitio and Sildevie Tchiekoua Nguetcho).

b. opening or causing to be opened any new accounts or safe deposit boxes titled in the name of any Defendant, or subject to access by any Defendant;

c. obtaining a personal or secured loan encumbering the assets of any Defendant, or subject to access by any Defendant;

d. transferring, selling, mortgaging, encumbering, incurring liens, or otherwise impairing any ownership or other legal interest they may have

(be it directly, indirectly, singly, jointly, or through a corporation, partnership or other entity directly or indirectly owned, managed, or controlled by any Defendant) in any personal property;

e. transferring, selling, mortgaging, encumbering, incurring liens, or otherwise impairing any ownership or other legal interest they may have (be it directly, indirectly, singly, jointly, or through a corporation, partnership or other entity directly or indirectly owned, managed, or controlled by any Defendant) any of the real property set forth in subparagraph 4) above; and

5. Immediately upon receipt of this Order, each **Defendant** shall disclose to Plaintiffs' attorneys:

a. a list of all assets held by, for, or on account of the Defendant, including any account for which they have signatory authority, in any bank, brokerage house, or financial institution, including account title, account number, and balance;

b. a list of all real properties the Defendant owns or in which they presently have a legal interest; and

c. a list of all real properties the Defendant previously owned or in which they previously had a legal interest from April 1, 2023 to the present.

6. Any **bank, brokerage house, financial institution, or online sales platform** holding assets or funds by, for, or on account of any Defendant shall:

a. freeze and restrain all such assets and funds, including the balance of any account for which any Defendant has signature authority, and shall be

restrained from releasing such assets and funds until further order of this Court;

b. immediately contact Plaintiffs' counsel Geoffrey Potter via email at GileadCounterfeitMedicine@pbwt.com to disclose the account numbers and titles and amount of assets so frozen.

7. Plaintiffs shall serve a copy of this Order on each Defendant as set forth in the Court's temporary restraining order.

8. Plaintiffs may immediately serve this Order upon any bank, brokerage house, financial institution, or online sales platform in which any Defendant is known or suspected to hold an account.

9. Opposition papers, if any, by any Defendant must be filed with this Court on or before April 24, 2026, and reply papers shall be filed and served on or before April 27, 2026.

10. The Defendants are hereby put on notice that failure to file an opposition shall result in the immediate conversion of this Order into a preliminary injunction, which shall be deemed to take effect immediately and shall extend during the pendency of this action. The Defendants shall be deemed to have actual notice of the issuance and terms of such preliminary injunction, and that any act by any of the Defendants in violation of any of its terms may be considered and prosecuted as contempt of this Court.

11. Any party or non-party who believes it has grounds to do so may file a motion to lift or amend this Order before this Court.

s/Carol Bagley Amon

CAROL BAGLEY AMON
UNITED STATES DISTRICT JUDGE

Issued: April 17, 2026 at 9am.