# Potter Declaration
# Exhibit 4

Clerk's Office
Filed Date: 7/23/21

U.S. DISTRICT COURT
EASTERN DISTRICT OF
NEW YORK
BROOKLYN OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| GILEAD SCIENCES, INC. and GILEAD SCIENCES IRELAND UC,<br><br>Plaintiffs,<br><br>v.<br><br>SAFE CHAIN SOLUTIONS, LLC; PATRICK BOYD; CHARLES BOYD; WORLDWIDE PHARMA SALES GROUP, INC. d/b/a PHARMASALES.COM; ADAM S. BROSIUS; BOULEVARD 9229 LLC; and ISHBAY SHUKUROV,<br><br>Defendants. | : | Case No. __21-cv-4106<br><br>**FILED *EX PARTE* AND UNDER SEAL PURSUANT TO 15 U.S.C. § 1116(d)** |

**TEMPORARY RESTRAINING ORDER**
**AND ORDER TO SHOW CAUSE FOR A PRELIMINARY INJUNCTION**

Upon review of the Complaint of Gilead Sciences, Inc. and Gilead Sciences Ireland UC Gilead (together, "Gilead" or "Plaintiffs"), the accompanying declarations and the exhibits annexed hereto, and the memorandum of law submitted in support of this Order, and for good cause shown, it is hereby:

ORDERED, that for the reasons set forth in Plaintiffs' request for entry of a temporary restraining order, Plaintiffs' request be and hereby is GRANTED; and it is further

ORDERED that, pending further order of this Court, Defendants Safe Chain Solutions, LLC, Patrick Boyd, Charles Boyd, Worldwide Pharma Sales Group, Inc. d/b/a PharmaSales.com, Adam S. Brosius, Boulevard 9229 LLC, and Ishbay Shukurov (together, "Defendants") and their principals, agents, officers, directors, members, servants, employees, successors, assigns and all other persons in concert and participation with them (collectively, the "Restrained Parties"), shall,

upon service of this Order in the manner described below, be immediately temporarily restrained from:

1. Purchasing, selling, distributing, marketing, manufacturing, or otherwise using any of the Gilead Marks (as defined herein) on any counterfeit or authentic product, or any marks confusingly similar thereto in connection with any products. The "Gilead Marks" are defined as the following:

- Gilead's GILEAD trademark, which was registered on the Principal Register of the United States Patent and Trademark Office ("USPTO") on June 12, 2007, as U.S. Registration No. 3251595. This trademark has become incontestable, and the required affidavit to confirm incontestable status has been timely filed with the USPTO.
- Gilead's trademark, which was registered on the Principal Register of the USPTO on December 3, 2002, as U.S. Registration No. 2656314. This trademark has become incontestable, and the required affidavit to confirm incontestable status has been timely filed with the USPTO.
- Gilead's GSI trademark, which was registered on the Principal Register of the USPTO on December 14, 2010, as U.S. Registration No. 3890252. This trademark has become incontestable, and the required affidavit to confirm incontestable status has been timely filed with the USPTO.
- Gilead's BIKTARVY trademark, which was registered on the Principal Register of the USPTO on November 28, 2017, as U.S. Registration No. 5344455.

- Gilead's DESCOVY trademark, which was registered on the Principal Register of the USPTO on December 29, 2015, as U.S. Registration No. 4876632. This trademark has become incontestable, and the required affidavit to confirm incontestable status has been timely filed with the USPTO.
- Gilead's DESCOVY FOR PREP trademark, which was registered on the Principal Register of the USPTO on November 19, 2019, as U.S. Registration No. 5912591.
- Gilead's 9883 trademark, which was registered on the Principal Register of the USPTO on May 15, 2018, as U.S. Registration No. 5467392.
- Gilead's 

trademark, which was registered on the Principal Register of the USPTO on December 25, 2018, as U.S. Registration No. 5636131.
- Gilead's  trademark, which was registered on the Principal Register of the USPTO on November 12, 2019, as U.S. Registration No. 5906177.

2. Using any logo, trade name or trademark confusingly similar to any of the Gilead Marks which may be calculated to falsely represent or which has the effect of falsely representing that the services or products of any or all of the defendants or of others are sponsored by, authorized by or in any way associated with Plaintiffs;

3. Infringing any of the Gilead Marks;

5. Falsely representing any or all of Defendants as being connected with Plaintiffs or sponsored by or associated with Plaintiffs or engaging in any act which is likely to

cause the trade, retailers and/or members of the purchasing public to believe that any or all of Defendants are associated with Plaintiffs;

6. Using any reproduction, counterfeit, copy, or colorable imitation of any of the Gilead Marks in connection with the publicity, promotion, sale, or advertising of any Gilead product, including without limitation BIKTARVY® and DESCOVY®;

7. Affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation including words or other symbols tending to falsely describe or represent such goods as being Gilead products, including without limitation BIKTARVY® and DESCOVY®, and from offering such goods in commerce;

8. Diluting any of the Gilead Marks;

9. Removing from their premises, or discarding, destroying, transferring or disposing in any manner any information, computer files, electronic files, WhatsApp or text messages, business records (including but not limited to e-mail communications) or other documents relating to Defendants' assets and operations or relating in any way to the purchase, sale, manufacture, offer for sale, distribution, negotiation, importation, advertisement, promotion, or receipt of any products purporting to be Gilead products, including without limitation any products bearing any of the Gilead Marks, including without limitation BIKTARVY® and DESCOVY®; and

10. Assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (1) through (8) above; and it is further

ORDERED that the temporary restraining order as set forth in subparagraphs 1 through 10 above shall be in effect for a period of 14 days from the entry hereof, after which it shall expire absent further order of the Court; and it is further

ORDERED that the Restrained Parties shall turn over to Plaintiffs or any person or entity designated by Plaintiffs all counterfeit Gilead products, including without limitation all counterfeit BIKTARVY® and DESCOVY® products in their possession, custody or control to be held by Plaintiffs until further order of this Court; and it is further

ORDERED that within three business days of the entry of this Order, Plaintiffs post an undertaking with the Clerk of the Court in the form of a bond, cash or check in the amount of $50,000 as security for the payment of such costs and damages as may be incurred or suffered by any party as a result of any undue harm caused by this Order and for the payment of such damages as may be incurred or suffered by any party as the result of a wrongful seizure or wrongfully attempted seizure pursuant to this Court's Seizure Order, and that such undertaking, if in the form of check or cash, shall be held in an interest-bearing account; and it is further

ORDERED that service of the Summons and Complaint and this Order, together with copies of the papers in support thereof, shall be made within three business days of the undersigned date on Defendants (but in any event, not in advance of the execution of any Seizure Order entered by this Court), by delivering true copies thereof to any person of suitable age found at Defendants' business addresses; and it is further

ORDERED that Defendants shall show cause before this Court at Courtroom ___4GN___, Theodore Roosevelt United State Courthouse, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York, 11201, on the _5th__ day of ________August__________, 2021 at __12__ o'clock _p_.m., or such other date as may be fixed by the Court, why a preliminary

injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, should not be issued enjoining Defendants and the Restrained Parties in the manner set forth in paragraphs 1-10 of this Order for the duration of this litigation and confirming this Court's seizure order; and it is further

ORDERED that answering papers, if any, be filed by Defendants with this Court and served upon Plaintiffs' counsel, Geoffrey Potter, by email at CounterfeitHIVMedications@pbwt.com on or before the __30th___ day of ___July___, 2021, and reply papers shall be filed and served on or before the __3rd___ day of ___August________, 2021; and finally, it is

ORDERED that Defendants are hereby put on notice that failure to attend the show cause hearing scheduled herein shall result in the immediate issuance of the preliminary injunction and confirmation of the Court's seizure order, and that failure of Defendants to respond to the Order to Show Cause by the _5th____ day of _____August_____________, 2021 shall result in the automatic issuance of a preliminary injunction, which shall be deemed to take effect immediately and shall extend during the pendency of this action. The Restrained Parties shall be deemed to have actual notice of the issuance and terms of such preliminary injunction, and that any act by any of the Restrained Parties in violation of any of its terms may be considered and prosecuted as contempt of this Court.

Rachel P. Kovner

/s/ Rachel P. Kovner
______________________________
UNITED STATES DISTRICT JUDGE

Issued: July _23rd____, 2021 at __2:17____ o'clock __p.m.