# Potter Declaration
# Exhibit 7

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

Filed: April 11, 2022
6:26 pm

--------------------------------------------------------------

JANSSEN SCIENCES IRELAND UNLIMITED COMPANY, JANSSEN PRODUCTS, LP, and JOHNSON & JOHNSON

Plaintiffs,

v.

SAFE CHAIN SOLUTIONS, LLC; PROPHARMA DISTRIBUTION LLC; SCRIPTS WHOLESALE INC.; STEVEN DIAMANTSTEIN; LEVI ELLIS; CHARLES BOYD; PATRICK BOYD; I CARE PHARMACY 14, INC.; and EDWARD GENDIN,

Defendants.

--------------------------------------------------------------

Case No. 22-1983 (BMC)

**FILED *EX PARTE* AND UNDER SEAL PURSUANT TO 15 U.S.C. § 1116(d)**

**ORDER TO SHOW CAUSE FOR**
**TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**
**AS TO THE SAFE CHAIN DEFENDANTS,**
**PROPHARMA DEFENDANTS, AND SCRIPTS DEFENDANTS**

Upon review of the Complaint of Plaintiffs Janssen Sciences Ireland Unlimited Company, Janssen Products, LP, and Johnson & Johnson (collectively "Janssen" or "Plaintiffs"), the memorandum of law submitted in support of this Order, and the accompanying declarations and the exhibits annexed hereto, and for good cause shown, it is hereby:

ORDERED, that Defendants Safe Chain Solutions, LLC, ProPharma Distribution LLC, Scripts Wholesale, Inc., Steven Diamanstein, Levi Ellis, Charles Boyd, and Patrick Boyd, (together, the "Wholesaler Defendants") show cause before this Court at Courtroom 8D South, Theodore Roosevelt United State Courthouse, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York, 11201, on the 21st day of April, 2022 at 5:00

o'clock p .m., or such other date as may be fixed by the Court, why a temporary restraining order, pursuant to Rule 65 of the Federal Rules of Civil Procedure, should not be issued enjoining the Wholesaler Defendants and their principals, agents, officers, directors, members, servants, employees, successors, assigns and all other persons in concert and participation with them (collectively, the "Restrained Parties"), from:

1. Purchasing, selling, distributing, marketing, manufacturing, or otherwise using any of the Registered Marks (as defined herein) on any counterfeit or authentic product, or any marks confusingly similar thereto in connection with any products. The "Registered Marks" are defined as the following:

| Trademark | Registration Number | Registration Date |
|---|---|---|
| JANSSEN | 2465129 | July 3, 2001 |
| janssen | 4347059 | June 4, 2013 |
| EDURANT | 3236346 | August 16, 2011 |
| SYMTUZA | 5576270 | October 2, 2018 |
| PREZCOBIX | 4720657 | April 14, 2015 |
| PREZISTA | 3236346 | May 1, 2007 |
| INTELENCE | 3682959 | September 15, 2009 |
| INTELENCE | 3739292 | January 19, 2010 |

2. Using any logo, trade name or trademark confusingly similar to any of the Registered Marks which may be calculated to falsely represent or which has the effect of falsely representing that the services or products of any or all of the defendants or of others are sponsored by, authorized by or in any way associated with Plaintiffs;

3. Infringing any of the Registered Marks;

4. Falsely representing any or all of the Wholesaler Defendants as being connected with Plaintiffs or sponsored by or associated with Plaintiffs or engaging in any act

which is likely to cause the trade, retailers and/or members of the purchasing public to believe that any or all of the Wholesaler Defendants are associated with Plaintiffs;

5. Using any reproduction, counterfeit, copy, or colorable imitation of any of the Registered Marks in connection with the publicity, promotion, sale, or advertising of any Janssen product;

6. Affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation including words or other symbols tending to falsely describe or represent such goods as being Janssen products, and from offering such goods in commerce;

7. Diluting any of the Registered Marks;

8. Removing from their premises, or discarding, destroying, transferring or disposing in any manner any information, computer files, electronic files, text messages, WhatsApp messages and any other text, chat, direct or instant messages, business records (including but not limited to e-mail communications) or other documents relating to the Wholesaler Defendants' assets and operations or relating in any way to the purchase, sale, manufacture, offer for sale, distribution, negotiation, importation, advertisement, promotion, or receipt of any products purporting to be Janssen products, including without limitation any products bearing any of the Registered Marks; and

9. Assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (1) through (8) above; and it is further

ORDERED that the Wholesaler Defendants shall show cause before this Court at Courtroom 8D South, Theodore Roosevelt United State Courthouse, Eastern District of New York,

225 Cadman Plaza East, Brooklyn, New York, 11201, on the 21st day of April, 2022 at 5:00 o'clock p.m., or such other date as may be fixed by the Court, why a preliminary injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, should not be issued enjoining the Wholesaler Defendants and the Restrained Parties in the manner set forth in paragraphs (1) through (9) of this Order for the duration of this litigation; and it is further

ORDERED that answering papers with regard to the requested preliminary injunction, if any, be filed by the Wholesaler Defendants with this Court and served upon Plaintiffs' counsel, Geoffrey Potter, by email at gpotter@pbwt.com on or before the 18th day of April, 2022, and reply papers with regard to the requested preliminary injunction shall be filed and served on or before the 20th day of April, 2022; and it is further

ORDERED that the Wholesaler Defendants shall within five calendar days of receipt of this Order turn over to Plaintiffs or any person or entity designated by Plaintiffs all Janssen products in their possession, custody, or control to be held by Plaintiffs until further order of this Court; and it is further

ORDERED that within 24 hours of receipt of this Order the Wholesaler Defendants shall disclose to Janssen's attorneys and investigators the following information concerning their purchases and/or sales of any product bearing any of the Registered Marks product from January 1, 2019 to the present: (1) the Drug Supply Chain Security Act pedigree documentation; (2) the price and quantity of each purchase or sale; (3) the product, including the specific type or variety of product; (4) the lot numbers; (5) the contact information, including names, addresses, email addresses, and telephone numbers of all associated individuals and/or companies from which the Wholesaler Defendants have purchased or to whom the Wholesaler Defendants sold the

products, including so that Janssen or its counsel may contact those individuals and/or companies to locate and quarantine additional counterfeits and obtain evidence thereof; and it is further

ORDERED that Plaintiffs shall effect service of the Summons and Complaint and this Order, together with copies of the papers in support thereof, on the Wholesaler Defendants within two business days of Plaintiff's completion of the execution of the Seizure Order against I Care Pharmacy 14, Inc. and Edward Gendin, by delivering true copies thereof to any person of suitable age found at Defendants' home or business addresses; and it is further

ORDERED that the Wholesaler Defendants are hereby put on notice that failure to attend the show cause hearing scheduled herein shall result in the immediate issuance of the preliminary injunction against them, and that failure of the Wholesaler Defendants to respond to the Order to Show Cause by the 18th day of April, 2022 shall result in the automatic issuance of a preliminary injunction, which shall be deemed to take effect immediately and shall extend during the pendency of this action. The Wholesaler Defendants shall be deemed to have actual notice of the issuance and terms of such preliminary injunction, and that any act by any of the Wholesaler Defendants in violation of any of its terms may be considered and prosecuted as contempt of this Court.

.

Digitally signed by Brian M. Cogan

UNITED STATES DISTRICT JUDGE

Issued: April 11, 2022 at 6:10 PM o'clock XXXXXXX.