# Potter Declaration
# Exhibit 11

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

GILEAD SCIENCES, INC., *et al.*,

*Plaintiffs*,

– against –

PETER KHAIM, *et al.*,

*Defendants.*

**ASSET FREEZE ORDER**
24-cv-04259 (NCM) (SJB)

**PLEASE TAKE NOTICE** that upon the Complaint of plaintiffs Gilead Sciences, Inc., Gilead Sciences Ireland UC, and Gilead Sciences, LLC (together, "plaintiffs"), the memorandum of law submitted in support of this Order, and the accompanying declarations and the exhibits annexed thereto, pursuant to the Court's authority under the Lanham Act, it is hereby **ORDERED**:

1. Plaintiffs' motion for an asset freeze against Peter Khaim; 71st Rx Pharmacy Inc.; Akbar Grant; Best Scripts LLC; Ivan Ohar; Boris Aminov; Bless You RX Inc.; Dynamic Pharmaceuticals Supply Inc.; Dynamic Pharmaceutical Suply Inc.; Northwest Pharmaceutical & Medical Supply Inc.; J and S Statistic Medical Supply, Inc.; J&M Medical Supply Inc.; JFK Wholesale & Retail Medical Supply Corp.; Merric Billing Inc.; New Line of Pharmaceutical, Inc.; Onliner Marketing Corp.; Park Avenue Pharmaceutical Corp.; Pharmaceutical Way, Inc.; Foster Media Group, Inc.; Foster Media Pharmaceutical Supply Corp.; Y&S Statistic Medical Supply Inc.; Y&S Statistic Medical Suply Inc.; Pure Gear Consulting Inc.; Christy Corvalan; Island Pharmacy & Discount Corp.; Irina Polvanova and her pharmacy, Galaxy Rx Inc.; Roman Shamalov and his pharmacy, River Chemists Corp.; David Fernandez; Dezyre Baez; Crystal

Medina; Antonio Payano; and Jonathan Gavrielof (each a "defendant," and collectively, the "defendants") is **GRANTED**.

2. All assets held by, for, or on account of any of the defendants shall be frozen and restrained, and all persons and entities holding such assets, including all persons and entities in active concert and participation with any of the defendants, whether acting directly or through any entity, corporation, subsidiary, division, affiliate or other device, shall be restrained from secreting, transferring, or conveying any assets held by, for, or on account of any of the defendants.

3. The assets affected by this Order shall include both existing assets and assets acquired after the effective date of this Order.

4. The **<u>defendants</u>**, including any person in active concert and participation with them, whether acting directly or through any entity, corporation, subsidiary, division, affiliate or other device, shall be restrained from:

a. secreting, transferring, conveying, converting, mortgaging, encumbering, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, perfecting a security interest in, or otherwise disposing of any funds, real or personal property, accounts, contracts, or other assets, wherever located, including outside the United States. This includes, but is in no way limited to such assets that are:

1) owned or controlled by, or in the actual or constructive possession of any defendant;

2) owned or controlled by, or held for the benefit of, directly or indirectly, any defendant, in whole or in part;

3) owned or controlled by, or in the actual or constructive possession of or otherwise held for the benefit of, any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any defendant, including, but not limited to, any assets held by, for, or subject to access by, any of the defendants at any bank or savings and loan institution, or with any broker-dealer, escrow agent, title company, or other financial institution or depository of any kind;

4) life insurance policies;

5) real property in which any defendant has any legal interest, direct or indirect, including held by trusts of which any defendant is a trustee. For the avoidance of doubt, this includes but is not limited to the following real properties that are owned directly or indirectly by defendant Boris Aminov: 2072 Ocean Ave., Unit 202, Brooklyn, NY 11230; 2072 Ocean Ave., PS5, Brooklyn, NY 11230; 3633 Canal Avenue, Brooklyn, NY 11224; 73-07 194th Street, Fresh Meadows, NY 11366; 2630 Monroe Street, Hollywood, Florida 33020; 64-54 Austin Street, Rego Park, NY 11374; 250 174 St., Apt. 1819, Sunny Isles Beach, FL 33160; 105-

20 66th Ave., Unit 3E, Forest Hills, NY 11375; 86-09 66th Ave., Rego Park, NY 11374; 95-17 67th Ave., Rego Park, NY 11374; 10777 W Sample Rd., #812, Coral Springs, FL 33065; 4163 NW 90 Avenue, #202, Coral Springs 33065.

b. opening or causing to be opened any new accounts or safe deposit boxes titled in the name of any defendant, or subject to access by any defendant;

c. obtaining a personal or secured loan encumbering the assets of any defendant, or subject to access by any defendant;

d. transferring, selling, mortgaging, encumbering, incurring liens, or otherwise impairing any ownership or other legal interest they may have (be it directly, indirectly, singly, jointly, or through a corporation, partnership or other entity directly or indirectly owned, managed, or controlled by any defendant) in any real property or personal property; and

e. incurring charges or cash advances on any credit card or prepaid debit, credit or other bank card, issued in the name, singly or jointly, of any defendant or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any defendant.

5. Immediately upon receipt of this Order, each **defendant** shall disclose to plaintiffs' attorneys:

a. a list of all assets held by, for, or on account of the defendant, including any account for which they have signatory authority, in any bank, brokerage house, or financial institution, including account title, account number, and balance;

b. a list of all real properties the defendant owns or in which they presently have a legal interest; and

c. a list of all real properties the defendant previously owned or in which they previously had a legal interest from January 1, 2019 to the present.

6. Any **bank, brokerage house, financial institution, or online sales platform** holding assets or funds by, for, or on account of any defendant shall:

a. freeze and restrain all such assets and funds, including the balance of any account for which any defendant has signature authority, and shall be restrained from releasing such assets and funds until further order of this Court;

b. immediately contact plaintiffs' counsel Geoffrey Potter via email at CounterfeitGileadMedications@pbwt.com to disclose the account numbers and titles and amount of assets so frozen;

7. Plaintiffs shall serve a copy of this Order on each defendant as set forth in the Court's temporary restraining order.

8. Plaintiffs may immediately serve this Order upon any bank, brokerage house, financial institution, or online sales platform in which any defendant is known or suspected to hold an account.

9. Opposition papers, if any, by any defendant must be filed with this Court on or before June 28, 2024, and reply papers shall be filed and served on or before 12:00 p.m. on July 1, 2024.

10. The defendants are hereby put on notice that failure to attend the show cause hearing or otherwise respond to the Court's Order to Show Cause by July 2, 2024 shall result in the conversion of this Order into a preliminary injunction, which shall extend during the pendency of this action. The defendants shall be deemed to have actual notice of the issuance and terms of such preliminary injunction, and that any act by any of the defendants in violation of any of its terms may be considered and prosecuted as contempt of this Court.

11. Any party or non-party who believes it has grounds to do so may file a motion to lift or amend this Order before this Court.

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK

*/s/ Natasha C. Merle*
NATASHA C. MERLE
United States District Judge

Issued: June 18, 2024 at 5:30 p.m.
Brooklyn, New York