# Potter Declaration
# Exhibit 12

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

GILEAD SCIENCES, INC., *et al.*,

*Plaintiffs*,

– against –

PETER KHAIM, *et al.*,

*Defendants*.

**EXPEDITED DISCOVERY ORDER**
24-cv-04259 (NCM) (SJB)

PLEASE TAKE NOTICE that upon the Complaint of Gilead Sciences, Inc., Gilead Sciences Ireland UC, and Gilead Sciences, LLC (together, "Gilead" or "plaintiffs"), the accompanying declarations and the exhibits annexed thereto, and the memorandum of law submitted in support of this Order, it is hereby:

ORDERED that plaintiffs may immediately serve discovery requests on each defendant; and it is further

ORDERED that any expedited discovery requests by plaintiffs be limited to a time period beginning no earlier than June 1, 2023, whether for defendants or non-parties; and it is further

ORDERED that plaintiffs' expedited discovery requests and depositions are limited in number in accordance with the Federal Rules of Civil Procedure; and it is further

ORDERED that (a) any defendant to this action shall respond to expedited requests to produce documents related to the acquisition, purchase, sale, advertising, or distribution of Gilead medications or purported Gilead medications within seven (7) calendar days after service of such requests by production of responsive

documents; and (b) defendants to this action shall respond to expedited interrogatories related to the acquisition, purchase, sale, advertising, or distribution of Gilead medications or purported Gilead medications within seven (7) calendar days after service of such interrogatories; and (c) plaintiffs may take the deposition of any defendant on topics related to the acquisition, purchase, sale, advertising, or distribution of Gilead medications or purported Gilead medications upon notice in writing to every other party of at least seven (7) calendar days; and it is further

ORDERED that, as to the entities and categories described below, (a) any non-party served with a subpoena in this action shall respond to a request to produce documents within seven (7) calendar days after service of such requests by production of responsive documents, and (b) plaintiffs may take the deposition of any non-party witness upon notice in writing to every other party of at least seven (7) calendar days:

- As to any person or entity in the supply chain of any defendant: shipping records, invoices, and purchase orders to and from any defendant concerning Gilead products or purported Gilead products; communications to and from any defendant concerning Gilead products or purported Gilead products; and pedigree documentation concerning Gilead products or purported Gilead products;
- As to pharmacies, hospitals, distributors, and dispensers: shipping records to and from any defendant concerning Gilead products or purported Gilead products; communications to and from any defendant concerning Gilead products or purported Gilead products; and pedigree documentation provided to or from any defendant concerning Gilead products or purported Gilead products;

- As to banks, brokerage houses, or other financial institutions: all account statements and transaction records for any account held by, for, or on account of any defendant or any person or entity in the supply chain of any defendant for Gilead products or purported Gilead products, including any account for which any of those persons has signature authority;
- As to common carriers, couriers, and other transportation or logistics companies reasonably believed to have been involved with the transportation of (i) Gilead products, (ii) purported Gilead products, (iii) any components thereof, or (iv) any equipment used to manufacture the components thereof: invoices, records, and additional documentation kept in the ordinary course of business concerning those shipments;
- As to companies that manufacture the equipment used to manufacture the component parts of counterfeit Gilead products: shipping records to and from any defendant or any defendant's upstream suppliers; communications with any defendant or any defendant's upstream suppliers; and invoices, records, and additional documentation kept in the ordinary course of business;
- As to customs brokers reasonably believed to have been involved with the importation or exportation of (i) Gilead products, (ii) purported Gilead products, (iii) any components thereof, or (iv) any equipment used to manufacture the components thereof: shipping records to and from any defendant or any person or entity in the supply chain of any defendant; communications with any defendant or any person or entity

in the supply chain of any defendant; and invoices, records, and additional documentation kept in the ordinary course of business; and it is further

ORDERED that all discovery not described above may proceed pursuant to the ordinary time limits of the Federal Rules of Civil Procedure; and it is further

ORDERED that in taking discovery, plaintiffs need not comply with the notice requirement of Rule 45(a)(4).

/s/ *Natasha C. Merle*
NATASHA C. MERLE
United States District Judge

Issued: June 20, 2024 at 4:00 p.m.
Brooklyn, New York