# Potter Declaration
# Exhibit 23

Case 1:12-cv-00682-AT Document 1 Filed 01/27/12 Page 1 of 11

JUDGE DANIELS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

12 CIV 0682

GROUP HEALTH INCORPORATED,

Plaintiff,

v.

DISPENSING PHYSICIAN CONSULTANTS, INC. d/b/a IRA'S DISCOUNT PHARMACY, PHARMACY DISTRIBUTOR SERVICES, INC., ABC CORPORATIONS 1-100 and JOHN DOES 1-100,

Defendants.

Civil Action No.

COMPLAINT

JURY TRIAL DEMANDED

RECEIVED
JAN 27 2012
U.S.D.C. S.D.N.Y.
CASHIERS

The plaintiff Group Health Incorporated ("GHI"), by and through its counsel Wolff & Samson PC, as and for its Complaint against the defendants Dispensing Physician Consultants, Inc. d/b/a Ira's Discount Pharmacy ("IDP") and Pharmacy Distributor Services, Inc. ("PDS"), alleges as follows:

## NATURE OF THE ACTION

1. This action arises out of a fraudulent billing scheme devised by the defendants, Florida-based pharmaceutical distributors, to defraud GHI, a New York insurance company, of substantial monies over the course of more than three years from 2006 through 2009. Upon information and belief, defendants IDP and PDS (together, "Defendants"), among others, individually and acting in concert, submitted hundreds if not thousands of false claims for payment to GHI for prescriptions allegedly related to brand-name diabetic medications and supplies and controlled medications.

As part of this fraudulent scheme, IDP submitted claims for payment to GHI and/or GHI's third-party claims administrator for brand-name drug prescriptions and other medical supplies that IDP represented it had dispensed to GHI insureds. In fact, the drugs and medical supplies IDP purportedly dispensed were either cheaper generic versions or never dispensed at all.

2. At all times, IDP and PDS conspired and acted in concert to conceal their fraudulent claims for payment, including by submitting payment requests to GHI for prescription drugs and medical supplies purportedly dispensed by IDP but actually dispensed, if at all, by PDS. At all times, Defendants concealed PDS's role because, among other things, as a mail-order pharmacy, PDS was not eligible to do business with the third-party administrator that administered claims on behalf of GHI up until late 2008.

3. This fraudulent, conspiratorial scheme by Defendants was unknown to GHI and only brought to light by a "whistleblower" former employee of PDS and a subsequent investigation by GHI's third-party claims administrator. It was only as a result of the investigation precipitated by the whistleblower's communication that Defendants' fraudulent scheme, and particularly IDP's use of PDS to perpetrate the fraud, was revealed.

4. Upon information and belief, Defendants' fraudulent scheme resulted in GHI paying to Defendants hundreds of thousands of dollars.

PARTIES

5. GHI is a non-profit corporation organized pursuant to the laws of the State of New York, with its principal place of business at 55 Water Street, New York, New York.

6. Upon information and belief, defendant IDP is and was at all relevant times a corporation organized pursuant to the laws of the State of Florida, with its principal place of business at 4900 Linton Boulevard, Del Ray Beach, Florida.

7. Upon information and belief, defendant PDS is and was at all relevant times a corporation organized pursuant to the laws of the State of Florida, with its principal place of business at 112 Intracoastal Pointe Drive, Jupiter, Florida, and engaged in business as a mail-order pharmacy.

JURISDICTION AND VENUE

8. This Court has diversity jurisdiction over all the claims alleged in this Complaint pursuant to 28 U.S.C. § 1331.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c).

FACTS COMMON TO ALL COUNTS

10. GHI issues health insurance policies to millions of businesses, institutions and individuals, including policies that provide coverage for the cost of prescription drugs and other medical supplies. GHI provides this coverage by paying pharmacies that dispense drugs and/or medical supplies to GHI insureds.

11. From 2006 until on or about November 18, 2008, GHI used a third-party administrator, Express Scripts, Inc. ("ESI"), to administer claims for payment submitted

by pharmacies, including defendant IDP. Upon information and belief, at all relevant times, IDP submitted claims to ESI pursuant to a contract it had with ESI, of which GHI was an intended third-party beneficiary.

12. On or about November 18, 2008, GHI and IDP entered into a contractual relationship, as set forth in a Participating Pharmacy Agreement ("Agreement") executed on that date. Pursuant to Section 3.2(d) of the Agreement, IDP represented to GHI that, among other things, it would verify the accuracy and authenticity of all prescriptions presented to it by GHI insureds and that it would notify GHI promptly of any irregularity in any such prescription.

13. Upon information and belief, commencing in January 2006, IDP and PDS devised a scheme to defraud GHI whereby: (a) PDS would provide IDP with the names and insurance information of PDS customers who were GHI insureds; (b) IDP would either (i) submit claims for having dispensed drugs and/or medical supplies to said insureds when in fact it never dispensed the drugs and/or medical supplies or (ii) enable PDS to pose as IDP by providing PDS with IDP's National Council for Prescription Drug Programs identification number (its "NCPDP number"); and (c) IDP and PDS would then share the proceeds of the payments from GHI that were made due to the false claims submissions.

14. Furthermore, upon information and belief, under this scheme, many if not nearly all of the claims submitted to GHI and/or ESI by IDP and/or PDS posing as IDP involved: (a) billing GHI for brand-name drugs and/or medical supplies when in fact the drugs and/or medical supplies actually dispensed were cheaper generic versions; or (b) billing GHI for drugs and/or medical supplies that were never dispensed at all.

15. Upon information and belief, IDP and PDS knowingly and jointly engaged in this scheme in order to obtain payments from GHI which they otherwise could not have legitimately obtained. Furthermore, upon information and belief, IDP and PDS engaged in the above-described illicit scheme to submit numerous claims for payment from GHI over the course of more than three years, from 2006 through 2009. IDP and PDS continued to engage in the above-described fraudulent scheme even after GHI and IDP entered into the Agreement.

16. Furthermore, upon information and belief, after GHI and IDP entered into the Agreement, IDP enabled PDS to pose as IDP by providing PDS not only with IDP's NCPDP number but also with additional information regarding how to submit claims for payment to GHI using GHI's electronic "switch" (which method of claims submission was required of IDP pursuant to Section 3.4 of the Agreement).

17. In mid-2009, a former employee of PDS contacted ESI, stating that IDP had schemed with PDS to submit claims for payment using IDP's NCPDP number.

18. The former PDS employee also stated that PDS, using IDP's NCPDP number, had submitted claims for brand-name diabetes drugs and medical supplies when it had actually dispensed cheaper generic versions of those brand-name drugs and supplies.

19. Upon information and belief, based upon the foregoing statements, ESI initiated an investigation that included, among other things: (a) an on-site review of documents at IDP's place of business pertaining to the claims purportedly submitted to GHI under IDP's NCPDP number, (b) follow-up inquiries in writing and by telephone with IDP to account for the discrepancies found as a result of the on-site review of

documents, and (c) further inquiries with wholesalers and distributors who purportedly supplied the drugs and other medical supplies in question. The ongoing investigation revealed that IDP did not have proper documentation to substantiate at least 3,194 claims made to GHI totaling, upon information and belief, hundreds of thousands of dollars between 2006 and 2009.

20. Upon information and belief, during the on-site inspection of IDP's records conducted on June 14, 2009, ESI's investigative agents discovered documents evidencing the fraudulent collusion between IDP and PDS.

21. Upon information and belief, in July 2009, ESI sent a letter to IDP noting the discrepancies between the claims it had submitted and the evidence uncovered as a result of the investigation and requesting that IDP produce the missing prescriptions and/or other acceptable documentation to corroborate IDP's claims within 30 days.

22. In or around July 2009, an attorney representing IDP called ESI to request an extension of time in which to provide the requested documentation. ESI agreed to extend the prior deadline for providing the documentation by a week. However, upon information and belief, IDP never provided the requested documentation.

23. Furthermore, upon information and belief, it was IDP's responsibility to request and obtain information from its wholesalers to verify the prescriptions that were putatively dispensed. However, IDP did not fulfill its responsibilities in this regard.

FIRST COUNT

(Fraud Asserted Against All Defendants)

24. GHI repeats and realleges each and every allegation of the foregoing paragraphs, which are incorporated by reference as though set forth at length herein.

25. As set forth above, IDP, in submitting claims for payment from January 1, 2006 (or earlier) up through and including April 1, 2009, made representations of material fact as to the existence and accuracy of prescriptions for which it was seeking payment, and PDS, in submitting claims under the guise of IDP's NCPDP number, made representations of material fact as to the existence and accuracy of prescriptions for which it was seeking payment as well as to its identity. More specifically, IDP and PDS (using IDP's NCPDP number) submitted claims for payment that falsely represented that IDP had dispensed brand-name prescription drugs and medical supplies to GHI insureds when in fact (a) cheaper generic drugs and medical supplies had been dispensed or (b) no drugs or medical supplies had been dispensed at all. Additionally, PDS, by using IDP's NCPDP number when submitting claims for payment, falsely represented that IDP had filled the prescriptions in question when in fact it was PDS that had filled the prescriptions, if any.

26. As set forth above, the aforementioned representations of material fact made by IDP and PDS (acting under the guise of IDP's NCPDP number) were false.

27. As set forth above, Defendants intended to deceive GHI.

28. GHI reasonably relied upon the claims submitted by IDP and PDS (acting under the guise of IDP's NCPDP number).

29. As a result, GHI has suffered damages.

SECOND COUNT

(Conspiracy to Commit Fraud Asserted Against All Defendants)

30. GHI repeats and realleges each and every allegation of the foregoing paragraphs, which are incorporated by reference as though set forth at length herein.

31. As set forth above, Defendants committed fraud against GHI.

32. Upon information and belief, Defendants entered into a conspiracy to commit fraud against GHI in the manner set forth above.

33. Defendants committed several overt acts in furtherance of their corrupt agreement by, *inter alia*, exchanging certain information, including but not limited to the information of GHI insureds who were PDS customers, IDP's NCPDP number, and information on the GHI claims submission process.

34. As set forth above, Defendants intentionally participated in the furtherance of their plan to defraud GHI.

35. As a result of the above, GHI has suffered the loss of monies as a result of having paid claims to IDP and, as a result of IDP's fraudulent concealment of PDS's role in this scheme, to PDS for prescription drugs and other medical supplies that (a) were actually lower in dollar value than the amount claimed to GHI, (b) actually originated from PDS, and/or (c) were never actually dispensed, and also has suffered other consequential, incidental and special damages.

THIRD COUNT

(Contractual Third-Party Beneficiary Claims Against IDP)

36. GHI repeats and realleges each and every allegation of the foregoing paragraphs, which are incorporated by reference as though set forth at length herein.

37. At all relevant times, GHI was a third-party beneficiary of the contract between ESI and IDP.

38. IDP breached the terms of the contract to which GHI was a third-party beneficiary by failing to verify the accuracy and authenticity of prescriptions for which it sought payment, submitting claims for payment that were inaccurate regarding the kind and dollar amounts of prescriptions dispensed.

39. As a result, GHI has suffered damages.

FOURTH COUNT

(Breach of Agreement Asserted Against IDP)

40. GHI repeats and realleges each and every allegation of the foregoing paragraphs, which are incorporated by reference as though set forth at length herein.

41. IDP breached the terms of the Agreement by failing to verify the accuracy and authenticity of prescriptions for which it sought payment, submitting claims for payment that were inaccurate regarding the kind and dollar amounts of the prescriptions dispensed.

42. As a result, GHI has suffered damages.

FIFTH COUNT

(Breach of the Covenant of Good Faith and Fair Dealing Asserted Against IDP)

43. GHI repeats and realleges each and every allegation of the foregoing paragraphs, which are incorporated by reference as though set forth at length herein.

44. The Agreement contained an implied covenant of good faith and fair dealing.

45. IDP breached the Agreement's implied covenant of good faith and fair dealing by submitting claims for payment to GHI that misrepresented the kind and dollar amounts of prescriptions dispensed, misrepresenting that IDP had dispensed a prescription when in fact PDS had dispensed the prescription, and/or falsely claiming that a prescription had been dispensed when none had been dispensed at all.

46. As a result, GHI has suffered damages.

SIXTH COUNT

(Unjust Enrichment Asserted Against IDP)

47. GHI repeats and realleges each and every allegation of the foregoing paragraphs, which are incorporated by reference as though set forth at length herein.

48. As set forth in detail above, IDP was enriched, as GHI paid IDP for claims that IDP submitted, and/or allowed PDS to submit under IDP's NCPDP number, for having allegedly dispensed drugs and/or medical supplies to GHI insureds.

49. As set forth in detail above, those claims were materially false, as, among other things, the claims were for (a) brand-name drugs and/or medical supplies when in fact the drugs and/or medical supplies actually dispensed were cheaper generic versions and/or (b) drugs and/or medical supplies that were never dispensed at all.

50. As a result, IDP was unjustly enriched at the expense of GHI.

WHEREFORE, GHI prays that this Court find and determine IDP and PDS are liable to GHI and award GHI: (a) compensatory damages, (b) punitive damages, (c) attorneys' fees, (d) pre- and post-judgment interest, (e) costs of suit, and (f) such other and further relief as the Court deems appropriate.

WOLFF & SAMSON PC
Attorneys for Plaintiff
Group Health Incorporated

By:________________________
CARLOS G. MANALANSAN (CM-2391)
140 Broadway, 46th Floor
New York, NY 10005
Tel: 212-973-0572
Fax: 973-530-2211
cmanalansan@wolffsamson.com

Dated: January 27, 2012