FILED
IN CLERK'S OFFICE
US DISTRICT COURT
*JUNE 9, 2026*
BROOKLYN OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------

ELI LILLY AND COMPANY,

Plaintiff,

v.

INSTANT RX INC., *et al.*,

Defendants.

------------------------------------------------------------

Case No. 26-cv-3429

**FILED *EX PARTE* AND UNDER SEAL**

Judge Natasha C. Merle
Magistrate Judge Joseph A. Marutollo

**[PROPOSED] EXPEDITED DISCOVERY ORDER**

PLEASE TAKE NOTICE that upon the Complaint of Eli Lilly and Company ("Lilly" or "Plaintiff"), the accompanying declarations and the exhibits annexed hereto, and the memorandum of law submitted in support of this Order, it is hereby:

ORDERED that Plaintiff may immediately serve discovery requests on each Defendant; and it is further

ORDERED that Defendants shall, within seven calendar days after service of requests for production of documents and communications related to any of the following topics, respond to such requests by production of responsive documents regarding: (i) Defendants' acquisition, purchase, sale, listing for sale, dispensation, advertising, distribution, transfer, payment for, or reimbursement claims for Lilly medicines or purported Lilly medicines; (ii) Defendants' processes, policies, or procedures concerning or applying to establishing the authenticity of any Lilly medicines or purported Lilly medicines; (iii) Defendants' storage or transportation of Lilly medicines or purported Lilly medicines; (iv) pedigree documentation and/or pedigree information concerning Lilly medicines or purported Lilly medicines; (v) membership in or use of online pharmacy-to-pharmacy marketplaces; (vi) the operation of pharmacies, including but not limited

to, licensure, sourcing of product, the opening and/or closing of physical locations, sources of revenue, insurance reimbursement claims, and dispensing products to patients; and (vii) Defendants' assets or transfer of assets, including the distribution of revenue or flow of funds received from sales of Lilly-branded medicine; and it is further

ORDERED Defendants to this action shall, within seven calendar days after service of interrogatories related to any of the following topics, serve substantive responses to such interrogatories: (i) the acquisition, purchase, sale, listing for sale, dispensation, advertising, distribution, transfer, payment for, or reimbursement claims for Lilly medicines or purported Lilly medicines; (ii) Defendants' process, policies, or procedures concerning or applying to establishing the authenticity of any Lilly medicines or purported Lilly medicines; (iii) Defendants' storage or transportation of Lilly medicines or purported Lilly medicines; (iv) pedigree documentation and/or pedigree information concerning Lilly medicines or purported Lilly medicines; (v) membership in or use of online pharmacy-to-pharmacy marketplaces; (vi) the operation of pharmacies, including but not limited to, licensure, sourcing of product, the opening and/or closing of physical locations, sources of revenue, insurance reimbursement claims, and dispensing products to patients; and (vii) Defendants' assets or transfer of assets, including the distribution of revenue or flow of funds received from sales of Lilly-branded medicine; and it is further

ORDERED that upon notice in writing to every other party of at least seven calendar days, Plaintiff may take the deposition of any Defendant, which may be taken by Zoom or other electronic means, and that any such deposition taken pursuant to Federal Rule of Civil Procedure 30(b)(6) may be noticed on topics related to (i) the acquisition, purchase, sale, listing for sale, dispensation, advertising, distribution, payment for, or reimbursement claims for Lilly medicines or purported Lilly medicines; (ii) Defendants' process, policies, or procedures concerning or

applying to establishing the authenticity of any Lilly medicines or purported Lilly medicines; (iii) Defendants' storage or transportation of Lilly medicines or purported Lilly medicines; (iv) pedigree documentation concerning Lilly medicines or purported Lilly medicines; (v) membership in or use of online pharmacy-to-pharmacy marketplaces; (vi) the operation of pharmacies, including but not limited to, licensure, sourcing of product, the opening and/or closing of physical locations, sources of revenue, insurance reimbursement claims, and dispensing products to patients; and (vii) Defendants' assets or transfer of assets, including the distribution of revenue or flow of funds received from sales of Lilly-branded medicine; and it is further

ORDERED that any pharmacy-pharmacy platforms or online marketplaces, including but not limited to MatchRx, RxWorld, Rxeed, RxPost, InStockRx, EzriRx, TradeNetRx, and CityRx, shall provide Plaintiff, within five business days of service of this Order:

- Documents sufficient to show all purchases and sales by all sellers of Lilly medicines made via the platform or marketplace for the past six years including for each transaction: (1) the date of sale; (2) the product sold; (3) the name and address of the seller; and (4) the name and address of the purchaser; and
- All documents and information concerning the formation, creation, and/or registration of accounts in the name of or connected to any of the Defendants in this action including all contact information, bank information, and identifying information associated with the account;

ORDERED that, as to the entities and categories described below, (a) any non-party served with a subpoena in this action shall respond to a request to produce documents within seven calendar days after service of such requests by production of responsive documents, and (b) Plaintiff may take the deposition of any non-party witness upon notice in writing to every other

party of at least seven calendar days, on the following topics:

- As to any person or entity in the supply chain of any Defendant: shipping records, invoices, and purchase orders concerning Lilly medicines or purported Lilly medicines; communications concerning Lilly medicines or purported Lilly medicines; documents or communications concerning or applying to establishing the authenticity of any Lilly medicines or purported Lilly medicines; documents or communications concerning or applying to the storage or transportation of Lilly medicines or purported Lilly medicines; documents or communications with Defendants concerning or relating to Lilly medicines or purported Lilly medicines; contracts or agreements concerning or applying to Lilly medicines or purported Lilly medicines; pedigree documentation and/or pedigree information concerning Lilly medicines or purported Lilly medicines; and membership in or use of online pharmacy-to-pharmacy marketplaces;
- As to pharmacy-to-pharmacy platforms or marketplaces: shipping records, invoices, purchase orders, listing records and sales records concerning Lilly medicines or purported Lilly medicines; communications concerning Lilly medicines or purported Lilly medicines; documents or communications relating to the establishing the authenticity of any Lilly medicines; documents or communications regarding the storage or transportation of Lilly medicines or purported Lilly medicines; documents or communications with Defendants concerning or relating to Lilly medicines or purported Lilly medicines; contracts or agreements concerning or applying to Lilly medicines or purported Lilly medicines; pedigree documentation and/or pedigree information concerning Lilly medicines or purported Lilly medicines; and policies

and procedures for the listing, sale, and purchase of prescription medicines, the validation of the authenticity of such medicines, and the removal of inauthentic, counterfeit, or infringing medicines;

- As to pharmacies, hospitals, clinics, distributors, and dispensers: shipping records to and from any Defendant or pharmacy-to-pharmacy platform concerning Lilly medicines or purported Lilly medicines; communications to and from any Defendant concerning Lilly medicines or purported Lilly medicines; and pedigree documentation provided to or from any Defendant concerning Lilly medicines or purported Lilly medicines; contracts or agreements concerning or applying to Lilly medicines or purported Lilly medicines; and membership in or use of online pharmacy-to-pharmacy marketplaces;
- As to banks, brokerage houses, or other financial institutions: all account statements and transaction records for any account held by, for, or on account of any Defendant or any person or entity in the supply chain of any Defendant for Lilly medicines or purported Lilly medicines, including any account for which any of those persons has signature authority;
- As to common carriers, couriers, and other transportation or logistics companies reasonably believed to have been involved with the transportation of (i) Lilly medicines, (ii) purported Lilly medicines, (iii) any components thereof, or (iv) any equipment used to manufacture the components thereof: invoices, records, and additional documentation kept in the ordinary course of business concerning those shipments;
- As to companies that manufacture the equipment used to manufacture the component

parts of counterfeit Lilly medicines: shipping records to and from any Defendant or any Defendant's upstream suppliers; communications with any Defendant or any Defendant's upstream suppliers; and invoices, records, and additional documentation kept in the ordinary course of business;

- As to insurance companies, insurance plan sponsors, third-party administrators for insurance plans, pharmacy benefit managers, and persons or entities involved in the submission, processing, or adjudication of claims for health insurance, Medicare, or Medicaid, or similar governmental programs: documents and communications concerning the submission, processing, adjudication, auditing, or payment for claims for Lilly medicines or purported Lilly medicines.

ORDERED, that all non-party discovery not described above may proceed immediately pursuant to the ordinary time limits of the Federal Rules of Civil Procedure;

ORDERED that in taking discovery, Plaintiff need not comply with the notice requirement of Rule 45(a)(4); and it is further

ORDERED, that until further order of this Court, the following confidentiality provisions shall apply to documents and all other materials produced pursuant to this Expedited Discovery Order(the "Material"), including Material produced by third parties:

1. Lilly shall not disclose any Material to any persons, except the following, who shall treat such information as confidential in accordance with the terms of this Order:

a. The Court and its officers, and any court reporters employed in this action;

b. lawyers, legal assistants, and support personnel at Lilly's outside counsel, and investigators and experts employed by Lilly's outside counsel;

c. Lilly's in-house attorneys, legal assistants, and support people that work with them with a need to know, including those who deal with anti-counterfeiting efforts, brand protection and applicable regulatory agencies;

d. Lilly's corporate security employees and vendors and those employees and vendors who support Lilly's anti-counterfeiting efforts;

e. Lilly's customer service professionals, including those that communicate with patients;

f. government agencies, including those responsible for law enforcement and pharmaceutical licensing, sales, and distribution; and

g. fact witnesses or expert witnesses at trial or deposition.

2. The provisions noted above relating to the Material shall not apply to any Material that:

a. is was, or becomes public knowledge, as long as it became so not in violation of this Order,

b. is lawfully acquired by Lilly from a person or entity, other than the producing party, that has the right to possess and disclose such Material;

c. was lawfully possessed by Lilly prior to entry by the Court of this Order; or

d. the producing party agrees in writing that the Material is not confidential.

3. Plaintiff and their attorneys are hereby authorized to receive, subpoena, and transmit "protected health information" of third-parties and non-parties to parties, third-parties, and non-parties and their attorneys and representatives to the extent and subject to the conditions outlined herein.

4. For the purposes of this Expedited Discovery Order, "protected health information" shall have the same scope and definition as set forth in 45 C.F.R. §§ 160.103 and 164.501. Protected health information includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

5. All "covered entities" (as defined by 45 C.F.R. § 160.103) are hereby authorized to

disclose protected health information to attorneys representing the Plaintiff in the above-captioned litigation.

6. Plaintiff and their attorneys shall be permitted to use or disclose the protected health information only for purposes of prosecuting or defending this action including any appeals of this case. This includes, but is not necessarily limited to, disclosure to their attorneys, experts, consultants, court personnel, court reporters, copy services, trial consultants, and other entities or persons involved in the litigation process or informing patients that they may have purchased counterfeit or misbranded medical devices

7. Prior to disclosing protected health information to persons involved in this litigation, counsel shall inform each such person that the protected health information may not be used or disclosed for any purpose other than this litigation. Counsel shall take all other reasonable steps to ensure that persons receiving protected health information do not use or disclose such information for any purpose other than this litigation.

8. Within 45 days after the conclusion of the litigation including appeals, Plaintiff, their attorneys, and any person or entity in possession of protected health information received from counsel pursuant to paragraph 6 above, shall return the protected health information to the covered entity or destroy any and all copies of protected health information, except that counsel are not required to secure the return or destruction of protected health information submitted to the Court.

9. This Order does not control or limit the use of protected health information that comes into the possession of Plaintiffs or their attorneys from a source other than a "covered entity," as that term is defined in 45 C.F.R § 160.103.

______________________________________
UNITED STATES DISTRICT JUDGE

Issued: June __, 2026 at __________a.m./p.m.