FILED
IN CLERK'S OFFICE
US DISTRICT COURT
*JUNE 9, 2026*
BROOKLYN OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------
ELI LILLY AND COMPANY :
:
Plaintiff, : Case No. 26-cv-3429
:
v. :
: **FILED *EX PARTE* AND UNDER SEAL**
INSTANT RX INC., *et al*., : Judge Natasha C. Merle
: Magistrate Judge Joseph A. Marutollo
Defendants. :
---------------------------------------------------------------

**[PROPOSED] ASSET FREEZE ORDER**

PLEASE TAKE NOTICE that upon the Complaint of Plaintiff Eli Lilly and Company ("Plaintiff"), the memorandum of law submitted in support of this Order, and the accompanying declarations and the exhibits annexed thereto, pursuant to the Court's authority under the Lanham Act, it is hereby ORDERED:

1. Plaintiff's motion for an asset freeze against Instant Rx Inc.; David Aulov; Thomas Johnson; Dispensing Physician Consultants, Inc. d/b/a Ira's Discount Pharmacy; Sofko LLC d/b/a (i) Ira's Discount Pharmacy and/or (ii) Total Care Pharmacy; George Drogaris a/k/a George Drograris; Prokopios Panagakos a/k/a (i) Koko, (ii) Panagakos Procopios, and/or (iii) Procopios Panagakos; Sue A. Pepper; Mirjana Tasic-Pantic; Glen Cove Drugs Inc.; Simeon Pinkhasou; Yuriel Sezanayev; Halima Syed; Lalibela, Ltd. d/b/a Elite Pharmacy; Yakov Berezhinsky; Yuriy Litvan; Christina Tolis; T & F Drugs Incorporated d/b/a Atlas Drug & Nutrition; and Francisco Marcos (collectively, "Defendants" and each a "Defendant") is GRANTED.

2. All assets held by, for, or on account of any of the Defendants shall be frozen and restrained, and all persons and entities holding such assets, including all persons and entities in

active concert and participation with any of the Defendants, whether acting directly or through any entity, corporation, subsidiary, division, affiliate or other device, shall be restrained from spending, secreting, transferring, or conveying any assets held by, for, or on account of any of the Defendants.

3. The assets affected by this Order shall include both existing assets and assets acquired after the effective date of this Order.

4. The **Defendants**, including any person in active concert and participation with any of them, whether acting directly or through any entity, corporation, subsidiary, division, affiliate or other device, shall be restrained from:

a. secreting, transferring, conveying, converting, mortgaging, encumbering, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, perfecting a security interest in, or otherwise disposing of any funds, real or personal property, cryptocurrency, safety deposit boxes, accounts, contracts, or other assets, wherever located, including outside the United States. This includes, but is in no way limited to such assets that are:

1) owned or controlled by, or in the actual or constructive possession of any Defendant;

2) owned or controlled by, or held for the benefit of, directly or indirectly, any Defendant, in whole or in part;

3) owned or controlled by, or in the actual or constructive possession of or otherwise held for the benefit of, any corporation, partnership, or other entity directly or indirectly owned, managed,

or controlled by any Defendant, including, but not limited to, any assets held by, for, or subject to access by, any of the Defendants at any bank or savings and loan institution, or with any broker-dealer, escrow agent, title company, or other financial institution or depository of any kind;

4) life insurance policies;

5) real property in which any Defendant has any legal interest, direct or indirect, including held by trusts of which any Defendant is a trustee, including, but not limited to, the following real property known to Lilly:

   a) 112 Hospital Drive, Tarboro, NC 27886 (owned by 1104 State Street, LLC of which Prokopios Panagakos is the sole manager);

   b) 1131 9th St, West Palm Beach, FL 33401 (owned by 1131 9th Street, LLC of which Prokopios Panagakos is the sole manager);

   c) 1401 Village Blvd Unit 2318, West Palm Beach, FL 33409 (owned by 1401 Village Blvd 2138, LLC of which Prokopios Panagakos is the sole manager);

   d) 1401 Village Blvd, Apt 1912, West Palm Beach, FL 33409 (owned by 1401 Village Blvd 1912,

LLC of which Prokopios Panagakos is the sole manager);

e) 1401 Village Blvd, Apt 2111, West Palm Beach, FL 33409 (owned by 1401 Village Blvd 2111, LLC of which Prokopios Panagakos is the sole manager);

f) 1500 N Congress Ave C-3, West Palm Beach, FL 33401 (owned by 1500 Congress Ave C-3, LLC of which Prokopios Panagakos is the sole manager);

g) 1606 Jefferson Ave, Unit 2, Miami Beach, FL 33139 (owned by 1606 Jefferson Ave 2, LLC of which Prokopios Panagakos is the sole manager);

h) 1606 Jefferson Ave, Unit 3, Miami Beach, FL 33139 (owned by Prokopios Panagakos);

i) 1820 N Congress Ave, 207, West Palm Beach, FL 33401 (owned by 1820 N Congress 207, LLC of which Prokopios Panagakos is the sole manager);

j) 186 SE 5th Court, Deerfield Beach, FL 33441 (owned by 186 SE 5th Court, LLC of which Prokopios Panagakos is the sole manager);

k) 2291 Linton Ridge Cir B-3, Delray Beach, FL 33444 (owned by 2291 Linton Ridge Circle B-3,

LLC of which Prokopios Panagakos is the sole manager);

l) 2307 Linton Ridge Cir C-12, Delray Beach, FL 33444 (owned by 2307 Linton Ridge Circle C-12, LLC of which Prokopios Panagakos is the sole manager);

m) 3216 SE 12 Street #26, Pompano Beach, FL 33062 (owned by Prokopios Panagakos);

n) 3301 NE 1st Avenue, Apt M0507, Miami, FL 33137 (owned by the Procopios Panagakos Living Trust of which Prokopios Panagakos is the sole trustee);

o) 4441 W McNab Road #18, Pompano Beach, FL 33069 (owned by 4441 W McNab Road 18 LLC of which Prokopios Panagakos is the sole manager);

p) 517 S Riverside Drive, Pompano Beach, FL 33062 (owned by 517 S Riverside Drive, LLC of which Prokopios Panagakos is the sole manager);

q) 8524 Shoreacres Street, Boca Raton, FL 33434 (owned by Prokopios Panagakos);

r) 908 Nueces St., Unit 48, Austin, TX 78701 (owned by Prokopios Panagakos);

s) 777 Charnwood Drive, Wyckoff, NJ 07481 (owned by Francisco Marcos);

t) 1688 Pembrook Road, Ambler, PA 19002 (owned by Yakov Berzhinsky);

u) 904 Manor Avenue, Meadowbrook, PA 19046 (owned by Yuriy Litvan);

v) 17 South Benson Avenue, Margate, NJ 08402 (owned by the 17 Benson LLC of which Yuriy Litvan is the president);

w) 417 Tall Oaks Drive, Warminster, PA 18974 (co-owned by Christina Tolis and Christopher Nieves);

x) 8534 Summerdale Avenue, Philadelphia, PA 19152 (owned by Christina Tolis);

y) 1341 Brandywine Street, Philadelphia, PA 19123 (co-owned by Christina Tolis, Pavlos Tolis, and Anastasia Tolis);

z) 1343 Brandywine Street, Philadelphia, PA 19123 (co-owned by Christina Tolis, Pavlos Tolis, and Anastasia Tolis);

aa) 1345 Brandywine Street, Philadelphia, PA 19123 (co-owned by Christina Tolis, Pavlos Tolis, and Anastasia Tolis);

bb) 1347 Brandywine Street, Philadelphia, PA 19123 (co-owned by Christina Tolis, Pavlos Tolis, and Anastasia Tolis);

cc) 2001 N. Ocean Boulevard, Apt 601, Boca Raton, FL 33431 (co-owned by George Drogaris and Nadia Drogaris);

dd) 24 Ocean Court, Staten Island, NY 10304 (co-owned by George Drogaris and Nadia Drogaris);

ee) 1796 Clove Road, Staten Island, NY 10304 (co-owned by George Drogaris and Nadia Drogaris);

ff) 520 77th St, Brooklyn, New York 11209 (co-owned by George Drogaris and Penelope Panagakos).

b. opening or causing to be opened any new accounts or safe deposit boxes titled in the name of any Defendant, or subject to access by any Defendant;

c. obtaining a personal or secured loan encumbering the assets of any Defendant, or subject to access by any Defendant;

d. transferring, selling, mortgaging, encumbering, incurring liens, or otherwise impairing any ownership or other legal interest they may have (be it directly, indirectly, singly, jointly, or through a corporation, partnership or other entity directly or indirectly owned, managed, or controlled by any Defendant) in any real property or personal property;

and

5. Immediately upon receipt of this Order, each **Defendant** shall disclose to Plaintiff's attorneys:

a. a list of all assets held by, for, or on account of the Defendant, including any account for which they have signatory authority, in any bank, brokerage house, or financial institution, including account title, account number, and balance;

b. a list of all real properties the Defendant owns or in which they presently have a legal interest; and

c. a list of all real properties the Defendant previously owned or in which they previously had a legal interest from June 1, 2023 to the present.

6. Any **bank, brokerage house, financial institution, or online sales platform** holding assets or funds by, for, or on account of any Defendant shall:

a. freeze and restrain all such assets and funds, including the balance of any account for which any Defendant has signature authority, and shall be restrained from releasing such assets and funds until further order of this Court;

b. immediately contact Plaintiff's counsel Geoffrey Potter via email at LillyCounterfeitMedicine@pbwt.com to disclose the account numbers and titles and amount of assets so frozen;

7. Plaintiff shall serve a copy of this Order on each Defendant as set forth in the Court's temporary restraining order.

8. Plaintiff may immediately serve this Order upon any bank, brokerage house,

financial institution, or online sales platform in which any Defendant is known or suspected to hold an account.

9. Opposition papers, if any, by any Defendant must be filed with this Court on or before the _____ day of __________________, 2026, and reply papers shall be filed and served on or before the _____ day of __________________, 2026.

10. The Defendants are hereby put on notice that failure to file an opposition shall result in the immediate conversion of this Order into a preliminary injunction, which shall be deemed to take effect immediately and shall extend during the pendency of this action. The Defendants shall be deemed to have actual notice of the issuance and terms of such preliminary injunction, and that any act by any of the Defendants in violation of any of its terms may be considered and prosecuted as contempt of this Court.

11. Any party or non-party who believes it has grounds to do so may file a motion to lift or amend this Order before this Court.

____________________________________
UNITED STATES DISTRICT JUDGE

Issued: June ____, 2026 at ____o'clock _____.