FILED
IN CLERK'S OFFICE
US DISTRICT COURT
*JUNE 9, 2026*
BROOKLYN OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

ELI LILLY AND COMPANY,

Plaintiffs,

v.

INSTANT RX INC., *et al.*,

Defendants.

---

Case No. 26-cv-3429

**FILED *EX PARTE* AND UNDER SEAL**

Judge Natasha C. Merle
Magistrate Judge Joseph A. Marutollo

**[PROPOSED] TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE FOR A PRELIMINARY INJUNCTION**

Upon review of the Complaint of Eli Lilly and Company ("Lilly" or "Plaintiff"), the accompanying declarations and the exhibits annexed hereto, and the memorandum of law submitted in support of this Order, and for good cause shown, it is hereby:

ORDERED, that for the reasons set forth in Plaintiff's request for entry of a temporary restraining order, Plaintiff's request be and hereby is GRANTED; and it is further

ORDERED that, pending further order of this Court, Defendants Instant Rx Inc.; David Aulov; Thomas Johnson; Dispensing Physician Consultants, Inc. d/b/a Ira's Discount Pharmacy; Sofko LLC d/b/a (i) Ira's Discount Pharmacy and/or (ii) Total Care Pharmacy; George Drogaris a/k/a George Drograris; Prokopios Panagakos a/k/a (i) Koko, (ii) Panagakos Procopios, and/or (iii) Procopios Panagakos; Sue A. Pepper; Mirjana Tasic-Pantic; Glen Cove Drugs Inc.; Simeon Pinkhasou; Yuriel Sezanayev; Halima Syed; Lalibela, Ltd d/b/a Elite Pharmacy; Yakov Berezhinsky; Yuriy Litvan; Christina Tolis; T & F Drugs Inc. d/b/a Atlas Drug & Nutrition; and Francisco Marcos (together, "Defendants") and their principals, agents, officers, directors, members, servants, employees, successors, assigns and all other persons in concert and participation with them (collectively, the "Restrained Parties"), shall, upon service of this Order

in the manner described below, be immediately temporarily restrained from engaging in any or all of the following acts:

1. Purchasing, selling, distributing, marketing, manufacturing, or otherwise using any of the Lilly Marks (as defined herein) on any counterfeit or authentic product, or any marks confusingly similar thereto in connection with any products. The "Lilly Marks" are defined as the following:

| Trademark | Registration Number | Registration Date |
|---|---|---|
| LILLY | 1226434 | February 8, 1983 |
| Lilly | 1318867 | February 12, 1985 |
| Lilly | 7870463 | July 22, 2025 |
| TRULICITY | 4786025 | August 4, 2015 |
| trulicity | 5069090 | October 25, 2016 |
| MOUNJARO | 6809369 | August 2, 2022 |
| | 6835474 | August 30, 2022 |
| | 5737810 | April 30, 2019 |

| | | |
|---|---|---|
|  | 5737809 | April 30, 2019 |
|  | 5778802 | June 18, 2019 |

2. Using any logo, trade name or trademark confusingly similar to any of the Lilly Marks which may be calculated to falsely represent or which has the effect of falsely representing that the services or products of any or all of the defendants or of others are sponsored by, authorized by or in any way associated with Lilly;

3. Infringing any of the Lilly Marks;

4. Falsely representing any or all of Defendants as being connected with Lilly or sponsored by or associated with Plaintiff or engaging in any act which is likely to cause the trade, retailers and/or members of the purchasing public to believe that any or all of Defendants are associated with Lilly;

5. Using any reproduction, counterfeit, copy, or colorable imitation of any of the Lilly Marks in connection with the publicity, promotion, sale, or advertising of any Lilly product;

6. Affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation including words or other symbols tending to falsely describe or represent such goods as being Lilly products, and from offering such goods in commerce;

7. Diluting any of the Lilly Marks;

8. Removing from their premises, or discarding, destroying, transferring or disposing in any manner any information, computer files, electronic files, text messages, WhatsApp

messages, or other electronic messages, business records (including but not limited to e-mail communications) or other documents or communications relating to Defendants' assets and operations or relating in any way to the purchase, sale, manufacture, offer for sale, distribution, negotiation, importation, advertisement, promotion, or receipt of any products purporting to be Lilly products, including without limitation any products bearing any of the Lilly Marks, including without limitation TRULICITY® and MOUNJARO®; and

9. Assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (1) through (8) above; and it is further

ORDERED that the temporary restraining order as set forth in subparagraphs 1 through 9 above shall be in effect for a period of 14 days from the entry hereof, after which it shall expire absent further order of the Court; and it is further

ORDERED that the Restrained Parties shall turn over to Plaintiff or any person or entity designated by Plaintiff all counterfeit Lilly products in their possession, custody, or control to be held by Plaintiff until further order of this Court; and it is further

ORDERED that Plaintiff shall attempt in good faith to effect service of the Summons and Complaint, Asset Freeze Order, and this Order, together with copies of the papers in support thereof, within four business days of the undersigned date on Defendants, by delivering true copies thereof to any person of suitable age found at Defendants' business or home address, or if no such persons are found, then by any method permissible under Federal Rule of Civil Procedure 4; and it is further

ORDERED that within three business days of the entry of this Order, Plaintiff post an undertaking with the Clerk of the Court in the form of a bond, cash or check in the amount of $50,000 as security for the payment of such costs and damages as may be incurred or suffered by

any party as a result of any undue harm caused by this Order, and that such undertaking, if in the form of check or cash, shall be held in an interest-bearing account; and it is further

ORDERED that Defendants shall show cause before this Court at Courtroom ______, Theodore Roosevelt United State Courthouse, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York, 11201, on the ___ day of _______________, 2026 at ____ o'clock __.m., or such other date as may be fixed by the Court, why a preliminary injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, should not be issued enjoining Defendants and the Restrained Parties in the manner set forth in paragraphs 1-9 of this Order for the duration of this litigation; and it is further

ORDERED that answering papers, if any, be filed by Defendants with this Court and served upon Plaintiff's counsel, Geoffrey Potter, by email at the email address LillyCounterfeitMedicine@pbwt.com on or before the _____ day of ________________, 2026, and reply papers shall be filed and served on or before the _____ day of _____________________, 2026; and finally, it is

ORDERED that Defendants are hereby put on notice that failure to attend the show cause hearing scheduled herein shall result in the immediate issuance of the preliminary injunction, and that failure of Defendants to respond to the Order to Show Cause by the _____ day of ________________, 2026 shall result in the automatic issuance of a preliminary injunction, which shall be deemed to take effect immediately and shall extend during the pendency of this action. The Restrained Parties shall be deemed to have actual notice of the issuance and terms of such preliminary injunction, and that any act by any of the Restrained Parties in violation of any of its terms may be considered and prosecuted as contempt of this Court.

____________________________________
UNITED STATES DISTRICT JUDGE

Issued: June _____, 2026 at ______ o'clock _____.