**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

ELI LILLY AND COMPANY,

*Plaintiff*,

v.

INSTANT RX INC., *et al.*;

*Defendants*.

Case No. 26-cv-03429 (NCM) (JAM)

**CONSENT JUDGMENT AND PERMANENT INJUNCTION**

On consent of Plaintiff Eli Lilly and Company ("Lilly"), and Defendants Dispensing Physician Consultants, Inc. d/b/a Ira's Discount Pharmacy; Sofko, LLC d/b/a Ira's Discount Pharmacy and also d/b/a Total Care Pharmacy; George Drogaris a/k/a George Drograris; Prokopios Panagakos a/k/a "Koko" and a/k/a "Procopios"; Sue A. Pepper; and Mirjana Tasic-Pantic (together, the "Ira's / Total Care Defendants"), each of Lilly and the Ira's / Total Care Defendants being referred to herein individually as a "Party" and collectively as the "Parties," it is hereby ORDERED, ADJUDGED AND DECREED:

WHEREAS, on June 9, 2026, Lilly filed the civil action *Eli Lilly and Company v. Instant Rx, Inc. et al.*, Case No. 26-cv-3429 (NCM) (JAM), in the United States District Court for the Eastern District of New York (the "District Court"), in which Lilly has asserted claims against the Ira's / Total Care Defendants for, *inter alia*, trademark infringement and false advertising under the Lanham Act, statutory and common-law unfair competition, and unjust enrichment arising from the Ira's / Total Care Defendants' sale of diverted, misbranded, counterfeit, and potentially dangerous versions of Lilly's medicines, which bear Lilly's trademarks (the "Action"). The time period for a response to the allegations, including filing of any counterclaims, was extended via agreement between the Parties and permitted by Court order;

WHEREAS, on July 9, the Ira's / Total Care Defendants provided to Lilly a spreadsheet with the file name "Online Sales Raw Data (All Lilly)-C.xlsx", which the Ira's / Total Care Defendants represented each sale of, and gross proceeds from, Lilly-Branded Medicines on online pharmacy-to-pharmacy marketplaces by the Ira's / Total Care Defendants on or after June 9, 2020 (the "Disclosed Sales");

WHEREAS, on July 16, 2026, on the consent of the Parties and to resolve pending issues relating to the effects of an asset freeze order that Lilly obtained *ex parte* before serving the Ira's / Total Care Defendants, the Court ordered $805,982.31 – an amount representing the gross proceeds of the Disclosed Sales – to be deposited with the Clerk of Court, ECF No. 103. That amount (the "Fund") is currently held in constructive trust in an interest-bearing account in the Registry Fund of the Treasury; and

WHEREAS, for reasons including business decisions and in order to avoid the costs and expenses related to continued litigation, the Parties wish to fully and finally resolve and

terminate the Action without any findings of, or admissions of, liability or damages by the Court or any Party.

NOW THEREFORE, in consideration of the promises, releases, representations, and warranties set forth in the confidential Settlement Agreement dated August 24, 2026 between Lilly and the Ira's / Total Care Defendants (the "Settlement Agreement"), which other than as disclosed herein is deemed confidential, the sufficiency of which is acknowledged by all Parties to this Consent Judgment and Permanent Injunction, Lilly and the Ira's / Total Care Defendants agree to be bound as follows:

1. The Ira's / Total Care Defendants and their principals, agents, officers, directors, members, servants, employees, successors, assigns, and other persons who are in active concert or participation with the Ira's / Total Care Defendants are enjoined from:

a) purchasing, selling, distributing, marketing, or otherwise using in commerce in the United States any Lilly-Branded Medicines, including authentic products, or assisting or aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in this paragraph, except for Lilly-Branded Medicines purchased directly from a Lilly Authorized Distributor of Record[1];

b) selling, distributing, marketing, listing, or advertising any Lilly-Branded Medicines, regardless of source, or assisting or aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in this paragraph, except for dispensing Lilly-Branded Medicines to a patient with a valid prescription for that Lilly-Branded Medicine, which patient shall be identified on a pharmacy label affixed to the Lilly-Branded Medicine.

2. Notwithstanding the foregoing, it is expressly understood that the Ira's / Total Care Defendants shall be permitted to engage directly or indirectly as passive investors in any publicly traded companies without regard to the obligations and restrictions set forth in the preceding paragraph.

3. "Lilly-Branded Medicines" are defined as all products bearing anywhere any of the trademarks identified in Exhibit A to the Complaint in the Action, including the Lilly Marks (as defined below), whether on the product itself or any of its packaging.

4. The "Lilly Marks" are the following:

| Trademark | Registration Number | Registration Date |
|---|---|---|
| LILLY | 1226434 | February 8, 1983 |

[1] A "Lilly Authorized Distributor of Record" is defined as one of the pharmaceutical distributors identified on Lilly's web site (available at https://trade.lilly.com/assets/pdf/authorizeddistributorsofrecords.pdf).

| Trademark | Registration Number | Registration Date |
|---|---|---|
| Lilly | 1318867 | February 12, 1985 |
| Lilly | 7870463 | July 22, 2025 |
| TRULICITY | 4786025 | August 4, 2015 |
| trulicity | 5069090 | October 25, 2016 |
| MOUNJARO | 6809369 | August 2, 2022 |
| | 6835474 | August 30, 2022 |
|  | 5737810 | April 30, 2019 |
|  | 5737809 | April 30, 2019 |
|  | 5778802 | June 18, 2019 |

5. In addition to any remedies arising from the breach of the confidential Settlement Agreement, Lilly may seek contempt sanctions arising from violations of this Consent

Judgment and Permanent Injunction, including but not limited to any non-party who aids or abets a violation of this Consent Judgment and Permanent Injunction.

6. The Clerk of Court of the United States District Court for the Eastern District of New York is hereby ORDERED to draw a check payable to the order of Patterson Belknap Webb & Tyler LLP in the amount of SIX HUNDRED AND FIFTY THOUSAND DOLLARS ($650,000) (the "Settlement Payment") from the Fund, which check shall be made available to be picked up by counsel for Lilly, within one business day of the entry of this Consent Judgment. Upon receipt and clearing of the Settlement Payment, the Clerk of Court of the United States District Court for the Eastern District of New York is hereby ORDERED to draw a second check with the balance of the Fund, exclusive of accrued fees required to be retained by Local Civil Rule 67.1, payable to the order of Fox Rothschild, LLP, who shall collect such payment on behalf of its client Prokopios Panagakos and the remainder of the Ira's / Total Care Defendants, which check shall be made available to be picked up by counsel for Defendant Prokopios Panagakos within one (1) business day of the entry of this Consent Judgment.

7. To the extent it was previously unclear from the Court's prior orders and any further clarification is required, the Asset Freeze Order is lifted as it pertains directly or indirectly, in any manner whatsoever, to Defendants Dispensing Physician Consultants, Inc. d/b/a Ira's Discount Pharmacy; Sofko, LLC d/b/a Ira's Discount Pharmacy and also d/b/a Total Care Pharmacy; George Drogaris a/k/a George Drograris; Prokopios Panagakos a/k/a "Koko" and a/k/a "Procopios"; Sue A. Pepper; and Mirjana Tasic-Pantic. This shall not affect the order as it pertains to any other remaining Defendant in this matter.

8. The mutual releases set forth in the Settlement Agreement are incorporated herein by reference and are effective in accordance with their terms.

9. This Consent Judgment and Permanent Injunction is entered pursuant to Rule 58 of the Federal Rules of Civil Procedure, and this Action is hereby terminated, with prejudice, only as to Defendants Dispensing Physician Consultants, Inc. d/b/a Ira's Discount Pharmacy; Sofko LLC d/b/a (1) Ira's Discount Pharmacy; (2) Total Care Pharmacy; George Drogaris a/k/a George Drograris; Prokopios Panagakos a/k/a Procopios Panagakos a/k/a "Koko"; Sue A. Pepper; and Mirjana Tasic-Pantic, without costs or attorneys' fees, subject to the conditions and limitations set forth in the Settlement Agreement between the Parties.

10. Signatures to this Consent Judgment and Permanent Injunction transmitted electronically or by facsimile shall be deemed original.

{Signatures on following page}

Dated: August 24, 2026

CONSENTED AND AGREED TO BY:

| | |
|---|---|
| FOR ELI LILLY AND COMPANY:<br><br>PATTERSON BELKNAP WEBB & TYLER LLP<br><br>/s/ Geoffrey Potter<br>By: Geoffrey Potter<br>gpotter@pbwt.com<br>1133 Avenue of the Americas<br>New York, New York 10036<br>(212) 336-2000<br>Counsel for Eli Lilly and Company | FOR PROKOPIOS PANAGAKOS:<br><br>Signed by:<br>2079A53FF3724E7...<br>______________________<br><br>FOR GEORGE DROGARIS:<br><br>______________________<br><br>FOR SUE A. PEPPER:<br><br>______________________<br><br>FOR MIRJANA TASIC-PANTIC:<br><br>______________________<br><br>FOR DISPENSING PHYSICIAN CONSULTANTS, INC. d/b/a IRA□S DISCOUNT PHARMACY:<br><br>Signed by:<br>2079A53FF3724E7...<br>______________________<br><br>FOR SOFKO LLC d/b/a (1) IRA□S DISCOUNT PHARMACY; (2) TOTAL CARE PHARMACY:<br><br>Signed by:<br>2079A53FF3724E7...<br>______________________ |

Dated: August_, 2026

CONSENTED AND AGREED TO BY:

FOR ELI LILLY AND COMPANY:

PATTERSON BELKNAP WEBB & TYLER LLP

______________________________

By: Geoffrey Potter

gpotter@pbwt.com
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000
Counsel for Eli Lilly and Company

FOR PROKOPIOS PANAGAKOS:

______________________

FOR GEORGE DROGARIS:

______________________

FOR SUE A. PEPPER:

______________________

FOR MIRJANA TASIC-PANTIC:

______________________

FOR DISPENSING PHYSICIAN CONSULTANTS, INC. d/b/a IRA'S DISCOUNT PHARMACY:

______________________

FOR SOFKO LLC d/b/a (1) IRA'S DISCOUNT PHARMACY; (2) TOTAL CARE PHARMACY:

______________________

Dated: August_, 2026

CONSENTED AND AGREED TO BY:

FOR ELI LILLY AND COMPANY:

PATTERSON BELKNAP WEBB & TYLER LLP

______________________________

By: Geoffrey Potter
gpotter@pbwt.com
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000
Counsel for Eli Lilly and Company

FOR PROKOPIOS PANAGAKOS:

______________________________

FOR GEORGE DROGARIS:

______________________________

FOR SUE A. PEPPER:

______________________________

FOR MIRJANA TASIC-PANTIC:

______________________________

FOR DISPENSING PHYSICIAN CONSULTANTS, INC. d/b/a IRA'S DISCOUNT PHARMACY:

______________________________

FOR SOFKO LLC d/b/a (1) IRA'S DISCOUNT PHARMACY; (2) TOTAL CARE PHARMACY:

______________________________

{Signatures on following page}

Dated: August_, 2026

CONSENTED AND AGREED TO BY:

FOR ELI LILLY AND COMPANY:

PATTERSON BELKNAP WEBB & TYLER LLP

By: Geoffrey Potter
gP.otter@P.bwt.com
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000
Counsel for Eli Lilly and Company

FOR PROKOPIOS PANAGAKOS:

______________________

FOR GEORGE DROGARIS:

______________________

FOR SUE A. PEPPER:

Sue A. Pepper

FOR MIRJANA TASIC-PANTIC:

______________________

FOR DISPENSING PHYSICIAN CONSULTANTS, INC. d/b/a IRA'S DISCOUNT PHARMACY:

______________________

FOR SOPKO LLC d/b/a (1) IRA'S DISCOUNT PHARMACY; (2) TOTAL CARE PHARMACY:

______________________

SO ORDERED:

September 4, 2026

*/s/ Natasha C. Merle*
HON. NATASHA C. MERLE
UNITED STATES DISTRICT JUDGE