**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

ELI LILLY AND COMPANY,

*Plaintiff*,

v.

INSTANT RX INC., *et al.*;

*Defendants*.

Case No. 26-cv-3429 (NCM) (JAM)

**CONSENT JUDGMENT AND PERMANENT INJUNCTION**

On consent of Plaintiff Eli Lilly and Company ("Lilly") and Defendants T & F Drugs Incorporated and Francisco Marcos (together, the "T & F Defendants"), each of Lilly and the T & F Defendants being referred to herein individually as a "Party" and collectively as the "Parties," it is hereby ORDERED, ADJUDGED AND DECREED:

WHEREAS, on June 9, 2026, Lilly filed the civil action *Eli Lilly and Company v. Instant Rx, Inc. et al.*, Case No. 26-cv-3429 (NCM) (JAM), in the United States District Court for the Eastern District of New York (the "District Court"), in which Lilly has asserted claims against the T & F Defendants for, *inter alia*, trademark infringement and false advertising under the Lanham Act, statutory and common-law unfair competition, and unjust enrichment arising from the T & F Defendants' sale of diverted, misbranded, counterfeit, and potentially dangerous versions of Lilly's medicines, which bear Lilly's trademarks (the "Action");

WHEREAS, on July 9 and July 27, 2026, the T & F Defendants provided to Lilly documents reflecting certain sales of Lilly-Branded Medicines on online pharmacy-to-pharmacy marketplaces which the T & F Defendants represented reflected each sale of, and gross proceeds from, Lilly-Branded Medicines on online pharmacy-to-pharmacy marketplaces by the T & F Defendants on or after June 9, 2020 (the "Disclosed Sales");

WHEREAS, for reasons including business decisions and in order to avoid the costs and expenses related to continued litigation, the Parties wish to fully and finally resolve and terminate the Action without any findings of, or admissions of, liability or damages by the Court or any Party.

NOW THEREFORE, in consideration of the promises, releases, representations, and warranties set forth in the confidential Settlement Agreement dated October 15, 2026 between Lilly and the T & F Defendants (the "Settlement Agreement"), which other than as disclosed herein is deemed confidential, the sufficiency of which is acknowledged by all Parties to this Consent Judgment and Permanent Injunction, Lilly and the T & F Defendants agree to be bound as follows:

1. The T & F Defendants and their principals, agents, officers, directors, members, servants, employees, successors, assigns, and other persons who are in active concert or participation with the T & F Defendants are enjoined from:

a) purchasing, selling, distributing, marketing, or otherwise using in commerce in the United States any Lilly-Branded Medicines, including authentic products, or assisting or aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in this paragraph, except for Lilly-Branded Medicines purchased directly from a Lilly Authorized Distributor of Record[1];

b) selling, distributing, marketing, listing, or advertising any Lilly-Branded Medicines, regardless of source, or assisting or aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in this paragraph, except for dispensing Lilly-Branded Medicines to a patient with a valid prescription for that Lilly-Branded Medicine, which patient shall be identified on a pharmacy label affixed to the Lilly-Branded Medicine. T & F Drugs Incorporated is, however, permitted to engage in intracompany pharmacy-to-pharmacy transfers of Lilly-Branded Medicines so long as both the transferor and transferee are pharmacies wholly owned and wholly controlled by T & F Drugs Incorporated and are thus subject to the terms of the Settlement Agreement and of the Consent Judgment and Permanent Injunction.

2. Notwithstanding the foregoing, it is expressly understood that the T & F Defendants shall be permitted to engage directly or indirectly as passive investors in any publicly traded companies without regard to the obligations and restrictions set forth in the preceding paragraph.

3. "Lilly-Branded Medicines" are defined as all products bearing anywhere any of the trademarks identified in Exhibit A to the Complaint in the Action, including the Lilly Marks (as defined below), whether on the product itself or any of its packaging.

4. The "Lilly Marks" are the following:

| **Trademark** | **Registration Number** | **Registration Date** |
|---|---|---|
| LILLY | 1226434 | February 8, 1983 |
| | 1318867 | February 12, 1985 |
| | 7870463 | July 22, 2025 |
| TRULICITY | 4786025 | August 4, 2015 |

[1] A "Lilly Authorized Distributor of Record" is defined as one of the pharmaceutical distributors identified on Lilly's website (available at https://trade.lilly.com/assets/pdf/authorizeddistributorsofrecords.pdf).

| Trademark | Registration Number | Registration Date |
|---|---|---|
| trulicity | 5069090 | October 25, 2016 |
| MOUNJARO | 6809369 | August 2, 2022 |
| | 6835474 | August 30, 2022 |
|  | 5737810 | April 30, 2019 |
|  | 5737809 | April 30, 2019 |
|  | 5778802 | June 18, 2019 |

5. In addition to any remedies arising from the breach of the confidential Settlement Agreement, Lilly may seek contempt sanctions arising from violations of this Consent Judgment and Permanent Injunction, including but not limited to any non-party who aids or abets a violation of this Consent Judgment and Permanent Injunction.

6. This Consent Judgment and Permanent Injunction is entered pursuant to Rule 58 of the Federal Rules of Civil Procedure, and this Action is hereby terminated, with prejudice, only as to Defendants T & F Drugs Incorporated and Francisco Marcos, without costs or attorneys' fees, subject to the conditions and limitations set forth in the Settlement Agreement between the Parties.

7. Signatures to this Consent Judgment and Permanent Injunction transmitted electronically or by facsimile shall be deemed original.

{Signatures on following page}

Dated: October 15, 2026

CONSENTED AND AGREED TO BY:

| FOR ELI LILLY AND COMPANY: | FOR T & F DRUGS INCORPORATED: |
|---|---|
| PATTERSON BELKNAP WEBB & TYLER LLP | |
| */s/ Geoffrey Potter* | FOR FRANCISCO MARCOS: |
| By: Geoffrey Potter<br>gpotter@pbwt.com<br>1133 Avenue of the Americas<br>New York, New York 10036<br>(212) 336-2000<br>Counsel for Eli Lilly and Company | |

SO ORDERED:

October 19, 2026

*/s/ Natasha C. Merle*

HON. NATASHA C. MERLE
UNITED STATES DISTRICT JUDGE