GTPC GARY TSIRELMAN P.C.
ATTORNEYS & COUNSELORS AT LAW

129 LIVINGSTON STREET
SECOND & THIRD FLOORS
BROOKLYN, NY 11201
T: (718) 438-1200
gtsirelman@gtmdjd.com

Gary TSIRELMAN M.D.
Darya KLEIN
David M. GOTTLIEB
Vincent KU

Constance F. ROLAND
Susan M. BRICE
Sakrit SRIVASTAVA
Naomi COHN

James MOSS
Selina LIANG
Fanny DALRYMPLE-HAYFRON
Odisina OKEYA

11/13/2026

**Via ECF**
Hon. Joseph A. Marutollo
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: **Eli Lilly and Company v. Instant Rx Inc. et al.**
Case No. 26-cv-3429 (NCM)(JAM)

Dear Judge Marutollo:

We represent CityRx, a nonparty subpoena recipient. Pursuant to Section VII of Your Honor's Individual Practices and Rules, CityRx respectfully requests approval of the proposed addition identifying certain nonparty commercial information as eligible for "Highly Confidential – Attorneys' Eyes Only" protection, subject to the heightened standard already stated in the proposed order.

<u>CityRx's Position</u>

CityRx operates a platform through which pharmacies purchase and sell medications. CityRx's buyers and sellers' identities, platform fees, transaction totals, purchasing terms, margins, and revenue information are confidential. Considered together, these records reveal commercially valuable information concerning CityRx's customer relationships, transaction activity, and business economics. Disclosure of nonpublic buyer and seller relationships could facilitate targeted solicitation or circumvention of the platform. Disclosure of fees, purchasing terms, and margins could enable a commercial actor to undercut CityRx's charges or exploit knowledge of its pricing and negotiating position. Aggregated transaction and revenue information could likewise reveal the value and concentration of particular business relationships.

The proposed order already recognizes customer lists, financial information, and pricing data as potentially confidential. The requested addition addresses the separate question of when

particularly sensitive information within those categories requires more restricted access. Under paragraph (d), ordinary confidential treatment permits disclosure to the parties, actual or proposed witnesses, and other persons necessary to prosecute or defend the action. Although those recipients remain bound by the order's restrictions on use, disclosure to persons involved in commercial decision-making may expose information that cannot meaningfully be withdrawn once learned. For qualifying information, restricting access at the outset provides protection that a prohibition on subsequent misuse alone cannot fully supply.

The proposed language is narrowly qualified. It does not automatically designate all CityRx records, all buyer or seller identities, or all financial information as attorneys' eyes only. It applies only where the information satisfies the preceding requirement that disclosure be substantially likely to cause significant competitive or commercial disadvantage, and where ordinary confidential treatment would not adequately protect against that harm. Publicly available information and material that does not satisfy that standard would not qualify merely because it falls within an enumerated category.

The addition also preserves the parties' ability to litigate their claims and defenses. Qualifying material remains available to outside counsel, the Court, and the other recipients authorized under the proposed order. Any designation remains subject to challenge under paragraph (g), with the burden resting on the person seeking protection. The provision therefore supplies neither a basis to withhold otherwise discoverable material nor an automatic entitlement to seal judicial filings.

Federal Rule of Civil Procedure 26(c)(1)(G) permits the Court, upon good cause, to restrict disclosure of confidential commercial information, and Rule 45(d)(3)(B)(i) specifically recognizes the need to protect such information when sought by subpoena. CityRx's nonparty status makes the requested accommodation particularly appropriate: its compliance should not unnecessarily expose its commercial relationships and financial information beyond the access reasonably required for this litigation. CityRx respectfully submits that the proposed sentence implements those protections while preserving meaningful discovery and the Court's authority to resolve any disputed designation.

For all other changes the Plaintiff does not have an objection but thinks the changes are unnecessary

<u>Plaintiff's Position</u>

Earlier this morning, Lilly jointly submitted with the other parties to this action a proposed protective order, as well as a joint letter explaining why the parties proposed altering certain aspects of the Court's template order. ECF 189. Nonparty CityRx now moves for a separate protective order to cover CityRx's production in response to Lilly's subpoena. CityRx begins with the parties' negotiated proposed order (ECF 189) and proposes additions on top of what the parties have already negotiated and submitted. For the reasons stated below, CityRx's application should be denied.

Lilly objects to CityRx's attempt to pre-qualify its business records as Highly Confidential – Attorneys Eyes Only. Specifically, Lilly objects to CityRx's attempt to add to the protective order the following sentence: "This [Highly Confidential – Attorneys Eyes Only] protection extends to a nonparty's competitively sensitive buyers and sellers' identities, platform fees, transaction totals, purchasing terms, margins, and revenue information, to the extent the foregoing standard is satisfied and ordinary confidential treatment would not adequately protect against the threatened harm."

The protective order negotiated by the parties to this action and filed earlier today, ECF No. 189, provides that parties and non-parties may designate documents Highly Confidential – Attorneys Eyes Only if the Designating Party "reasonably believes in good faith that they contain highly sensitive information that if disclosed to a Party hereto is substantially likely to result in significant competitive or commercial disadvantage to the Designating Party." CityRx already has the right under that protective order to designate documents Attorneys Eyes Only if it believes in good faith it meets that standard. And if Lilly or any other receiving party thinks that designation is inappropriate, the protective order provides a means for the parties to discuss and, if necessary, challenge the designation. That is how an orderly protective order works.

There is no valid reason for CityRx, and CityRx alone, to insist that the Court-ordered protective order specify, in advance, that documents that reveal, e.g., "transactions totals" or "purchasing terms" for sales made on CityRx's platform fall within the category of documents that qualify for Attorneys Eyes Only treatment. CityRx is essentially asking the Court to pre-determine, without having seen a single document or heard argument from the parties, that broad categories of documents are presumptively Attorneys Eyes Only.

The categories of documents CityRx asks the Court to pre-determine to be worthy of Attorneys Eyes Only protection serve to illustrate the point. CityRx asks for "purchasing terms" to be presumptively Attorneys Eyes Only – but those terms are listed openly on CityRx's website.[1] The Court should reject CityRx's proposed addition to the first paragraph of the protective order.

CityRx also proposes several other additions to the parties' negotiated protective order. Lilly has no particular objection to the substance of those other proposed additions, but believes they are unnecessary: they are duplicative of what is already in the Court's template order and do not add any additional protections. And CityRx does not explain why it believes those other proposed additions are necessary. Lilly believes the clearest and most efficient route is stick with the protective order already negotiated by the parties, and not enter unnecessary bespoke confidentiality orders for third-party subpoena recipients. Lilly therefore respectfully asks that the Court enter the protective order negotiated by the parties (ECF No. 189) and deny CityRx's motion.

---

[1] *See* CityRx, Terms and Conditions, https://cityrx.com/terms-conditions.

Respectfully submitted,

__*/s/ Gary Tsirelman*______________
Gary Tsirelman, Esq.

cc: All counsel of record (via ECF)